IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMY LYNN WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Civil Action No. 15-1272 |
| ) | |
| CAROLYN W. COLVIN, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Senior District Judge

**OPINION
and
ORDER OF COURT**

**SYNOPSIS**

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 8 and 12). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 9, 13 and 16). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 8) and denying Defendant's Motion for Summary Judgment. (ECF No. 12).

**I. BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits and supplemental security income pursuant to the Social Security Act ("Act"). Plaintiff filed her applications for benefits alleging she had been disabled since February 28, 2008. (ECF No. 4-5, pp. 8, 15). Administrative Law Judge ("ALJ") William E. Kenworthy held a hearing on October 9, 2012. (ECF No. 4-2, pp. 42-47). On October 23, 2012, the ALJ found that Plaintiff was not disabled under the Social Security Act. (ECF No. 4-2, pp. 30-37). After exhausting all

1

administrative remedies thereafter, Plaintiff filed an action in this court.

After review, this court remanded the case on September 29, 2014.   (ECF No. 6-14, pp. 2-9).   On remand, ALJ Kenworthy held another hearing.   (ECF No. 6-13, pp. 20-38).   On July 24, 2014, the ALJ found that Plaintiff was not disabled under the Act.   (ECF No. 6-13, pp. 5-14). After exhausting all administrative remedies thereafter, Plaintiff filed an action in this court.

The parties have filed Cross-Motions. (Docket No. 8 and 12).   The issues are now ripe for review.

## II.  LEGAL ANALYSIS

### A.  Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision.  *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).   Substantial evidence has been defined as "more than a mere scintilla.   It means such relevant evidence as a reasonable mind might accept as adequate."  *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive.   42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979).   A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record.  *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998).   Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole.   *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to

last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. <u>Opinion Evidence</u>

Plaintiff submits that remand is warranted because the ALJ erred in failing to consider medical opinion evidence consistent with the regulations. (ECF No. 9, pp. 5-10, No. 16, p. 1-2). After a careful review, I agree with Plaintiff's position, in part.

While the ALJ need only discuss the most pertinent, relevant evidence bearing upon a claimant's disability status, he must provide sufficient discussion to allow the court to determine

whether any rejection of potentially pertinent, relevant evidence was proper. *Johnson v. Comm'r of SS,* 529 F.3d 198, 203-04 (3d Cir. 2008). To that end, an ALJ must provide sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). "'In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.'" *Burnett v. Comm'r of SS,* 220 F.3d 112, 121-22 (3d Cir. 2000)*, quoting Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir. 1981); *Fargnoli v. Massanari,* 247 F.3d 34, 44 (3d Cir. 2001). An ALJ's findings should be as "comprehensive and analytical as feasible," so that the reviewing court may properly exercise its duties under 42 U.S.C. §405(g). *Cotter,* 642 F.2d at 705.

In the present case, I find the ALJ failed to meet this standard. With regard to Drs. Wyszomierski, Brentzel and Kaufman, the ALJ gives absolutely no valid reason for giving them substantial weight. (ECF No. 6-13, p. 12). The ALJ states their opinions and that he agrees with them, but does not say why or what his agreement is based upon. *Id.* As a result, I am unable to tell if the ALJ's agreement is supported by substantial evidence. Thus, I am prohibited from conducting a meaningful review in this regard. Therefore, remand is warranted on this basis.[1]

With regard to Dr. Bernstein, the ALJ stated that he gave his opinion very little weight because it is a conclusory opinion. (ECF No. 6-13, p. 12). Plaintiff agrees that Dr. Bernstein's opinion is "rather conclusory" and, as such, his statement that Plaintiff is disabled is not entitled to any significance. (ECF No. 9, p. 11). Nevertheless, Plaintiff submits that there was more to Dr. Berstein's report and the ALJ was still required to consider the rest of Dr. Berstein's report. After

---

[1] Plaintiff argues that the ALJ erred in failing to incorporate Dr. Brentzel's conclusion that Plaintiff was limited to 1-2 step tasks and that the ALJ erred in failing to account for Plaintiff's moderate limitation in concentration, persistence and/or pace. (ECF No. 9, pp. 15-18; No, 16, p. 4). Since I am remanding this case, I decline to consider these issues as they must be reconsidered, *de novo,* on remand.

a review of the record, I find the ALJ considered the entirety report of Dr. Bernstein. (ECF No. 6-13, pp. 9, 12). Thus, I find no merit to this argument.

With regard to Dr. Seilhamer, Plaintiff argues that the ALJ erred in failing to recognize that Dr. Seilhamer is a specialist and that that he was an examining source. (ECF No. 9, pp. 12-13). Additionally, Plaintiff argues that the reason given by the ALJ for discrediting Dr. Seilhamer is incorrect. *Id.* at p. 13. I disagree. The ALJ clearly recognized that Dr. Seilhamer was a consultative examining source. (ECF No. 6-13, p. 12). Moreover, the ALJ in this case did not credit Dr. Seilhamer's opinion that Plaintiff had an extreme impairment in her ability to respond appropriately to work pressures and a marked impairment in her ability to interact socially in the workplace because it was internally inconsistent and because Plaintiff "sought only very limited mental health treatment since September, 2009, except for her drug rehab." (ECF No. 6-13, p. 12). These are appropriate, valid and acceptable reasons for discounting opinion evidence. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence). I find that that internal inconsistency reason is supported by substantial evidence. (ECF No. 6-13, p. 12). Therefore, I find no error in this regard on the part of the ALJ.[2]

---

[2] As mentioned above, the ALJ also questioned Dr. Seilhamer's conclusions because Plaintiff had "sought only very limited mental health treatment since September, 2009, except for her drug rehab." (ECF No. 6-13, p. 12). Plaintiff contends that the ALJ erred in making this reference because the ALJ failed to address Plaintiff's inability to afford such treatment due to lack of health insurance. (ECF No. 9, pp. 13-14; ECF No. 16, p. 3). It is well-established that an "ALJ may rely on lack of treatment, or the conservative nature of treatment, to make an adverse credibility finding, but only if the ALJ acknowledges and considers possible explanations for the course of treatment." *Wilson v. Colvin*, No. 3:13-cv-02401-GBC, 2014 WL 4105288, at * 11 (M.D. Pa. Aug. 19, 2014). As set forth in Social Security Ruling 96-7p, however, "[t]he adjudicator must not draw any inferences about an individual's symptoms and their functional effect from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment." S.S.R. 96-7p, 1996 WL 374186, at **7-8. Possible explanations that may provide insight into an individual's credibility include the inability to afford treatment and/or lack of access to free or low-cost medical services. *Id.* Courts routinely have remanded cases in which the ALJ's credibility analysis fails to address evidence that a claimant declined or failed to pursue more aggressive treatment due to lack of medical insurance. *See, e.g., Newell v. Comm'r of Soc. Sec.,* 347 F.3d 541, 547 (3d Cir. 2003); *Wilson,* 2014 WL 4105288, at 11-12; *Kinney v. Comm'r of Soc. Sec.,* 244 F. App'x 467, 470 (3d Cir. 2007); *Sincavage v. Barnhart*, 171 F. App'x 924, 927 (3d Cir. 2006); *Henderson v. Astrue*, 887 F. Supp. 2d 617, 638-39 (W.D. Pa. 2012); *Plank v. Colvin*, Civ. No.

An appropriate order shall follow.

---

12-4144, 2013 WL 6388486, at *8 (E.D. Pa. Dec. 6, 2013). In this case, the ALJ fails to address this issue. On remand, the ALJ must consider the same.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

AMY LYNN WILSON,

        Plaintiff,

  -vs-                                        Civil Action No.  15-1272

CAROLYN W. COLVIN,
COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 19th day of December, 2016, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 8) is granted in part and denied in part and Defendant's Motion for Summary Judgment (Docket No. 12) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further proceedings consistent with the foregoing opinion.

                BY THE COURT:

                s/   Donetta W. Ambrose
                Donetta W. Ambrose
                United States Senior District Judge